UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

PURNELL R. NELSON,                          :
      Plaintiff                               :
                                                        :
vs.                                                     :   CIVIL No. 1:14-CV-1539
                                                        :
DOMINICK DeROSE and D. YOUNG,  :
      Defendants                         :

*M E M O R A N D U M*

The pro se plaintiff, Purnell R. Nelson, has filed a motion for reconsideration of our order dismissing his Eighth Amendment claim. Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He brought three claims against nine employees of the Dauphin County Prison. Plaintiff's first claim alleged the medical staff at the prison violated the Eighth Amendment by refusing to provide him with a prosthetic arm. Plaintiff's second claim alleged that Defendants discriminated against him on the basis of his disability. Plaintiff's third claim alleged his due process rights were violated when prison officials discarded the grievances that he had filed.

We conducted an initial review of Plaintiff's complaint under 28 U.S.C. § 1915. (Doc. 16). We dismissed all named defendants except Defendants DeRose and Young, and as to the latter two defendants, allowed the Eighth Amendment claim to proceed. (*Id.*). We also dismissed the disability-discrimination claim and the due process claim, finding that Plaintiff had failed to allege sufficient facts pursuant to Fed. R. Civ. P. 8 to support those claims. We gave Plaintiff twenty-one days to amend those claims, as well as add defendants to the Eighth Amendment claim if Plaintiff could allege their

personal involvement.  Plaintiff did not respond to the order.  As a result, the only claim left was the Eighth Amendment claim against DeRose and Young for refusing to provide Plaintiff with a prosthetic arm.

On that claim, Plaintiff sought only declaratory and injunctive relief. Defendants filed motions to dismiss on the ground that Plaintiff was no longer incarcerated at Dauphin County Prison and that therefore the relief he sought was moot. (Doc. 36).  We granted Defendants' motions to dismiss, finding that we no longer had jurisdiction because there was no longer a case or controversy.  (Doc. 40, ECF p. 3).

Plaintiff then filed his motion for reconsideration.  (Doc 41).  Plaintiff argues that his Eighth Amendment claim is not moot because he plans on being returned to Dauphin County Prison after he is granted a new trial on the appeal of his criminal case. (*Id.*, ECF pp. 1-2).  He also seems to be arguing that his other two claims were properly pled.  (*Id.*, ECF p. 3).

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)).  "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Id.*  It cannot be used simply to reargue issues that the court has already considered and disposed of.  *Blanchard v. Gallick,* No. 09–1875, 2011 WL

1878226, at *1 (M.D. Pa. May 17, 2011) (Caldwell, J.)(citing *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).  Nor can it "be used as a means to argue new facts or issues that were not presented to the court in the context of the matter previously decided."  *Worbetz v. Ward North America, Inc.*, 54 F. App'x 526, 533 (3d Cir. 2002)(nonprecedential).

We will deny the motion.  First, Plaintiff does not cite any intervening change in the controlling law.  Second, Plaintiff has put forth no new evidence that was previously unavailable when the court granted Defendants' motion to dismiss.  A motion for reconsideration cannot be used to argue new facts or issues.  Finally, Plaintiff does not argue clear error of law or fact; he merely conclusorily argues that his disability-discrimination claim and due process claim should not have been dismissed.

Also, Plaintiff is unable to show that his case is an exception to the mootness principle.  It is a matter of speculation that Plaintiff will again find himself in the Dauphin County Prison.  Mere conjecture is not enough to defeat mootness.  *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993).

We will issue an appropriate order.

                                                   /s/William W. Caldwell
                                                   William W. Caldwell
                                                 United States District Judge

Date: January 26, 2014